U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 JAN 17 PM 1:46

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

MICHAEL GALE, )
)
      Plaintiff, )
) Civil Action No. 5:14cv10
vs. )
)
)
CHRISTOPHER GORING, MD )
)
      Defendant )

## COMPLAINT

### PARTIES

1. Plaintiff Michael Gale is a resident of 1486 Stony Lane, North Kingstown, Rhode Island, 02852

2. Defendant Christopher Goring is a medical doctor with a current residence of Honolulu, Hawaii.

### JURISDICTION

3. Jurisdiction in this Court is proper because, pursuant to 28 U.S.C.§ 1332, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This Court has personal jurisdiction over Dr. Goring because the events described below occurred while Dr. Goring was serving as a locum tenens at Springfield Hospital in Vermont.

## STATEMENT OF CASE

4. On February 25, 2012, Plaintiff Michael Gale was skiing at Okemo, Vermont when he fell and broke his left leg.

5. Plaintiff was taken by ambulance to Springfield Hospital where he was diagnosed with a fracture of the left femoral neck.

6. On February 26, 2012, Dr. Christopher Goring performed an operation using cannulated screw fixation to repair the fracture.

7. On February 29, 2012, Plaintiff was discharged from Springfield Hospital and advised to follow up with an orthopedist in Rhode Island.

8. On March 6, 2012, Plaintiff had a follow up appointment with Dr. Ramin R. Tabaddor of South County Orthopedics.

9. On March 6, 2012, Dr. Tabaddor discovered upon x-ray that the superior most screw that Defendant placed had breached the femoral cortex, violating the joint space.

10. On March 6, 2012, Dr. Tabaddor advised Plaintiff that surgery to correct the problem should be undertaken without delay.

11. On March 9, 2012, Plaintiff underwent revision surgery by Dr. Tabbador.

12. During the case, it was discovered that a second (of three) screws placed by Dr. Goring during the previous surgery in Vermont also violated the femoral cortex.

13. During the revision surgery by Dr. Tabbador, it was necessary to remove existing screws and place new – better positioned – screws into femoral bone.

14. Although it was hoped that the revision surgery would prove successful (and fix the problem created by the first surgery), it was not successful and total arthroplasty became necessary.

15. On October 5, 2012, Plaintiff underwent a total left hip replacement with bone grafting of the acetabulum at South County Hospital.

## COUNT I (MEDICAL MALPRACTICE)

16. Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

17. At all times material hereto, Defendant Goring was a licensed orthopedic surgeon.

18. At all times material hereto, Defendant Goring was practicing medicine at Springfield Hospital as a "locum tenens."

19. On February 26, 2012, when Defendant Goring performed surgery to repair the fractured femoral head in Plaintiff's hip, he failed to exercise reasonable care, and his surgery fell below the degree of knowledge or skill ordinarily exercised by a reasonably skillful and prudent health care professional engaged in similar practice under the same or similar circumstances.

20. As a direct and proximate result of the Defendant's above-stated negligence, Plaintiff underwent two unnecessary surgical procedures: (1) a revision surgery and (2) a total hip arthroplasty, with attendant pain, suffering, disability and loss of enjoyment of life, among other damages.

21. As a direct and proximate result of Defendant's above-stated negligence, Plaintiff has incurred, and will continue to incur, significant medical bills and expenses related to these unnecessary surgeries and losses directly related thereto.

WHEREFORE, Plaintiff Michael Gale demands judgment against Defendant Christopher Goring, M.D., for damages in excess of $75,000.00, statutory interest, costs, and such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated at Burlington, Vermont this 16th day of January, 2014.

James W. Spink, Esq.
SHEEHEY FURLONG & BEHM P.C.
Attorney for Plaintiff
30 Main Street
P.O. Box 66
Burlington, Vermont 05402-0066
(802) 864-9891
jspink@sheeheyvt.com